Singh v. Lynch

BIA
Morace, IJ
A200 938 552

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of January, two thousand seventeen.

PRESENT:
>        RICHARD C. WESLEY,
>        PETER W. HALL,
>        DEBRA ANN LIVINGSTON,
>            *Circuit Judges.*

_____

SANDEEP SINGH,
>        *Petitioner,*

>        v.                                            15-1704
>                                                      NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Dalbir Singh, New York, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Anthony P. Nicastro, Acting Assistant Director; Sheri R. Glaser, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sandeep Singh, a native and citizen of India, seeks review of an April 27, 2015, decision of the BIA, affirming a March 25, 2013, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sandeep Singh,* No. A200 938 552 (B.I.A. Apr. 27, 2015), *aff'g* No. A200 938 552 (Immig. Ct. N.Y.C. Mar. 25, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and BIA's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Singh's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," and

2

inconsistencies in his or his witness's statements "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. As discussed below, substantial evidence supports the adverse credibility determination.

Singh does not challenge the agency's reliance on his vague testimony about his party activities. That finding therefore stands as a proper basis for the credibility determination. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *see also Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003) ("Where an applicant gives very spare testimony . . . the IJ . . . may fairly wonder whether the testimony is fabricated."), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305-10 (2d Cir. 2007).

The agency also reasonably based the credibility determination on inconsistencies among Singh's testimony, border patrol interview, and credible fear interview about whether he was born Sikh. *See Xiu Xia Lin*, 534 F.3d at 163-64. Singh testified that he was born Sikh. At his border patrol interview, however, he said that he feared persecution because he was born Hindu and converted to Sikhism. Singh initially denied making this statement, both during his credible fear interview and testimony, but later explained that he misspoke at his border patrol interview because he was hungry and tired. The agency was not required to credit this explanation; as the IJ observed, Singh did not have problems answering any other question asked during his border interview. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." (internal quotation marks, citation, and emphasis omitted)).

The agency also reasonably rested its adverse credibility determination on inconsistencies concerning Singh's political party membership. *See Xiu Xia Lin*, 534 F.3d at 163-64. Singh

4

testified (consistent with his application) that he became an official member, but during his credible fear interview, he denied being an official member and stated that he only attended rallies. The agency was not required to credit Singh's explanation that he was a junior member and was unsure why his credible fear interview records indicated he was not an official member. See *Majidi*, 430 F.3d at 80.

We decline to consider Singh's unexhausted challenge to the reliability of his credible fear interview records. Singh did not challenge the reliability of these records before the BIA, the BIA did not address the issue, and the Government asserts Singh's failure to exhaust. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 123-25 (2d Cir. 2006) (providing that judicially imposed issue exhaustion is mandatory).

Given the foregoing inconsistencies, the totality of the circumstances supports the credibility ruling. *Xiu Xia Lin*, 534 F.3d at 167. The inconsistencies related to Singh's religion, party membership, and political activities: the sole basis on which he claims to have suffered past harm. Because Singh's claims for relief are all based on the same factual predicate, the adverse credibility determination is

dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

<div style="margin-left: 40%;">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk
</div>